THE CITY OF BOONVILLE, RESPONDENT, v. T. R. TETERS, APPELLANT.
—112 S. W. (2d) 82.

Kansas City Court of Appeals. January 21, 1938.

*L. O. Schaumberg* for respondent.

*Thomas J. Tydings* for appellant.

SHAIN, P. J.—This is an appeal from the judgment of the Circuit Court of Cooper County, Missouri, wherein T. R. Teters was fined for an alleged violation of the ordinances of Boonville, Cooper County, Missouri, which is a chartered city of the third class. The ordinances involved are:

Section "A" of Ordinances of Boonville, Missouri, which reads as follows:

...."Section 290. INSURANCE AGENTS TO PROCURE LICENSE. No person, firm, company or corporation shall carry on the business of an insurance agent in this city without first obtaining from the proper city˙ authorities a license to act as such insurance agent. Licenses as insurance agent may be issued to any person, firm, or corporation. No greater charge shall be made for an insurance agent license issued to a firm than when such license shall be issued to an individual, but the name of each member of such firm shall be stated in the license when issued (Ordinance 1082)."

Section "D" of said ordinances is as follows:

...."PENALTY FOR DOING BUSINESS WITHOUT LICENSE. Any person within this city who shall engage in or carry on the business of an insurance agent without first obtaining a license therefor shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than five nor more than one hundred dollars (Section 293; Revised Ordinances, City of Boonville, Missouri, 1927)."

Section "B" defines insurance agent.

Section "C" fixes the license tax.

Section "E" provides for collection of fees and costs.

The case was tried before the court, jury waived, and was submitted in circuit court on an agreed statement of facts. Judgment was against said T. R. Teters and fine of $35 and costs imposed. From the judgment defendant appeals.

### OPINION.

To conform in opinion to situation below, we will refer to appellant as defendant and respondent as plaintiff.

The admitted facts upon which the case was tried in the circuit court are in substance as follows:

It stands admitted that plaintiff is a city of the third class and that the ordinances in issue were duly and regularly enacted;

It is admitted that complaint was duly filed in the Police Court of Boonville, Missouri, charging defendant was wilfully and unlawfully carrying on the business of insurance agent within the city without license to act as such and was carrying on said business by soliciting insurance risk contrary to the ordinance. It stands admitted that the defendant was duly arraigned in the police court, entered plea of not guilty, but found guilty in said court. It is admitted further that defendant duly perfected this appeal to the Circuit Court of Cooper County, Missouri.

It further stands admitted that the defendant is the agent of the Modern Benefit Protection Association, of Moberly, Missouri, and that said association is a mutual company organized under provisions of section 5014, Revised Statutes of Missouri, 1929.

There appears to be no dispute as to the fact that defendant without license from the city was conducting the business of the mutual protection association and soliciting business for said association in said city.

The record filed by defendant, appellant herein, in some respects does not comply with rules 15 and 18 of this court and the plaintiff, respondent herein, has by due process and in due form, raised objections and filed a motion asking that the appeal be dismissed.

It is urged that the abstract of the record does not include or show the following, to-wit:

"1. The complaint filed in said cause, and when and where the same was filed.

"2. In what court the cause was originally tried, the record of the proceedings therein.

"3. By what means the Circuit Court of Cooper County, Missouri, acquired jurisdiction, if it acquired jurisdiction.

"4. None of the record entries in the Circuit Court preceding the last judgment on April 1, 1937, although there were other record entries made in said cause by said court.

"5. That the motion for a new trial was filed within the time required by law.

"6. That the appeal was duly taken.

"7. The allowance and filing of the bill of exceptions."

Rule 15 provides for the filing in this court a printed abstract of the record or an abridgment thereof that will give full understanding of the question presented for our decision.

The defendant in assignment of errors under sub-heads follows up by treating assignments under three heads in his points and authorities. The third under "Points and Authorities" is as to a constitutional question that is not properly raised and is abandoned in the argument. Points I and II but treat of one question for our de-

cision under the two heads. In other words, there is but one question for this court to decide and that is as to whether or not a city of the third class can adopt and maintain an ordinance taxing the agent of a mutual insurance company operating in said city.

While the showing in the abstract may be somewhat deficient in detail, still we conclude that the stipulated facts upon which the cause was tried in the circuit court admits all that is urged under Points 1, 2 and 3 of the motion and further that the plaintiffs signature of approval of the transcript filed is sufficient to meet Points 4, 5, 6 and 7 of the motion. In other words we conclude that there is sufficient showing to allow us to decide the only pertinent and determining question in the case, and that therefore we would not be justified in dismissing the appeal and leave the important issue in the case undecided. The motion to dismiss is accordingly overruled.

The defendant bases contentions on language of Section 5014, Revised Statutes 1929, as follows: "Such associations when formed shall be exempt from the provisions of the general insurance company laws of the State, to-wit: Chapter 37, Revised Statutes 1929."

The defendant cites section 5907, Revised Statutes 1929, found in article 10 of chapter 37, Revised Statutes 1929. The section defines "agent" and defines liability of an agent under article 37, *supra*.

We gather the defendant's contention to be that as section 5014, *supra*, provides that his company being a mutual association is exempt from the provisions of chapter 37, and that therefore his business is not that of an insurance agent and the association he represents is not an insurance company within the meaning of the law.

There is a Biblical injunction as to rightfully dividing the law that has general application. This seems to have been overlooked by the defendant. Chapter 37, Revised Statutes 1929, has no application whatever to the provisions of chapter 38, Revised Statutes 1929, or to article 4 of said chapter providing for cities of the third class.

The fact that the provisions of chapter 37 does not appply to mutual insurance companies cannot be interpreted to mean that mutual companies are not insurance companies and that the agents of mutual companies are not insurance agents.

Defendant contends, and rightfully so, that cities of the third class are not authorized to impose a license tax on any business or calling unless the same be specifically named as taxable in its charter. However section 6840 of article 4, of chapter 38, Revised Statutes 1929, specifically gives the power and authority to cities of the third class to levy and collect a license tax on insurance companies and insurance agents.

We find nothing in the laws of Missouri that exempt mutual companies insurance and agents for mutual insurance companies from the provisions of aforesaid section of article 4, of chapter 38, Revised Statutes 1929.

The judgment of the circuit court is affirmed. All concur.